# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ANDREW U. D. STRAW       *

Plaintiff       *

v       *       Civil Action No. SAG-19-3034

STATE OF INDIANA       *

Defendant       *

      ***

## MEMORANDUM

On October 22, 2019, Plaintiff Andrew Straw ("Plaintiff" or "Straw") instituted this action by filing a complaint ("the Complaint") against the State of Indiana, seeking declaratory relief and damages under Title II of the Americans with Disabilities Act ("the ADA"). ECF No. 1. Plaintiff seeks to invoke this Court's federal question jurisdiction under 28 U.S.C. §1331. As explained below, the claims are subject to dismissal for improper venue.

Plaintiff is an attorney who was charged with violating Indiana Professional Conduct Rule 3.1 ("I.P.C. Rule"), which prohibits an attorney from bringing a proceeding or asserting an issue unless there is a basis in law and fact for doing so that is not frivolous. The Indiana Supreme Court determined that Plaintiff violated the I.P.C. Rule 3.1 in four separate instances, and therefore, suspended him from the practice of law in the State of Indiana for 180 days, without automatic reinstatement ("the Disciplinary Order"). *Matter of Straw*, 68 N.E.3d 1070, 1073 (Ind. 2017). The Indiana Supreme Court stated that Straw was facing discipline, not "for standing up for disabled persons' rights, as he perceives, but rather for having done so incompetently." *Id.* Plaintiff appealed the Disciplinary Order to the United States Supreme Court and Plaintiff's petition for

*certiorari* was denied. *Straw v. Indiana Supreme Court*, 137 S. Ct. 2309, *reh'g denied*, 138 S. Ct. 352 (2017). Plaintiff's Complaint in this Court relates, in part, to the Disciplinary Order.

First, Plaintiff alleges that the Indiana Supreme Court rules violate the Americans with Disabilities Act by banning all disabled people from practicing law. ECF No. 1, at pgs. 1, 11-12, 16. Plaintiff specifically takes issue with Indiana Supreme Court Rule 23 of the Rules of Admission and Discipline, which provides that "any attorney who becomes disabled by reason of physical or mental illness or infirmity … shall be subject to suspension by reason of the disability." Plaintiff requests $5 million in damages, because he believes that the Indiana Supreme Court based his suspension from the practice of law on Rule 23, rather than I.P.C. Rule 3.1. Second, Plaintiff requests this Court to determine that Plaintiff was suspended from the practice of law by the Supreme Court of Indiana based on his disability and not Rule 3.1. Plaintiff is essentially asking this Court to overturn the Disciplinary Order.[1]

Plaintiff invokes this Court's federal question jurisdiction under 28 U.S.C. § 1331. Assuming, without deciding, that Plaintiff has properly invoked this Court's jurisdiction, the Complaint shall nevertheless be dismissed without prejudice for improper venue.

Under 28 U.S.C. § 1391(b), "A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

---

[1] Plaintiff appears to have unsuccessfully litigated these claims in several other cases. *See Straw v. Indiana*, No. 17-4158-WTL-DLP, 2018 WL 3932238, at *2 (S.D. Ind. Aug. 16, 2018) (collecting cases).

2

The Plaintiff lists an address in Washington, D.C., and he is suing the State of Indiana. All events described in the Complaint occurred in Indiana. Plaintiff argues that "[v]enue properly lies in the District of Maryland because [he] is unable to avail [him]self of the protections of the federal courts in Indiana or the 7th Circuit." ECF No. 1, ¶ 54. On November 6, 2018, the Seventh Circuit Court of Appeals imposed a monetary sanction upon Plaintiff, which was due by a date certain. Upon Plaintiff's failure to comply, on November 21, 2018, the Seventh Circuit directed the clerks of all federal courts in that circuit to return, unfiled, any papers submitted directly or indirectly by the Plaintiff until he pays the monetary sanction. *See Straw v. State of Indiana*, Case No. 18-2878 at ECF No. 26 (7th Cir. Nov. 21, 2018). Plaintiff acknowledges that he is barred from filing a civil suit in the District Court of Indiana.

Notwithstanding the Seventh Circuit's Order, venue is not appropriate in this Court, but is appropriate in Indiana. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a). Filing suit in this Court can be characterized only as an attempt to circumvent the Seventh Circuit's Order, and will not be countenanced. *See Amr v. Virginia*, 58 F. Supp. 3d 27, 32 (D.D.C. 2014), *aff'd*, No. 14-5201, 2015 WL 236822 (D.C. Cir. Jan. 16, 2015) (holding that transfer to another venue would provide plaintiff "an end-run around the barring order [and] would be inappropriate" and dismissing case). Thus, in light of the bar order, the Complaint will be dismissed without prejudice. A separate order follows.

January 14, 2020
Date

Stephanie A. Gallagher
United States District Judge